IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| THE LLOYD NOLAND FOUNDATION, INC., ] ] ] Plaintiff, ] ] v. ] ] TENET HEALTHCARE CORP.; et al., ] ] ] Defendants, ] ] (Consolidated with) ] ] TENET HEALTHSYSTEM MEDICAL, INC., et al., ] ] ] Plaintiffs, ] ] v. ] ] LLOYD NOLAND FOUNDATION INC., et al., ] ] ] Defendants. ] | LEAD CASE:     CV-01-BE-0437-S<br>MEMBER CASE: CV-01-BE-1904-S |

**MEMORANDUM OPINION**

**INTRODUCTION**

This case is before the court on the City of Fairfield Health Care Authority's Motion to Dismiss the Third Party Complaint of Tenet HealthSystem Medical (doc. 21, case no. 01-1904) and Tenet HealthSystem Medical's Motion to Dismiss Fairfield's Amended Third Party Counterclaim (doc. 22, case no. 01-1904). For the reasons stated in this Memorandum Opinion, the court finds that Fairfield's Motion to Dismiss is due to be **DENIED**, and that Tenet HealthSystem Medical's Motion to Dismiss is due to be **GRANTED**.

## BACKGROUND

On July 15, 1996, the Lloyd Noland Foundation ("the Foundation") sold the Lloyd Noland Hospital ("the Hospital") to Tenet HealthSystem Medical. Tenet HealthSystem Medical acquired the stock and assets of the Hospital through the creation of two separate corporate entities, namely, Tenet HealthSystem Lloyd Noland Medical ("THSLN Medical") and Tenet HealthSystem Lloyd Noland Properties ("THSLN Properties.") The relevant documents governing this transaction were (1) the Stock Purchase Agreement, and (2) Amendment Number Two to Stock Purchase Agreement. As part of the Stock Purchase Agreement, Tenet HealthSystem Medical assumed certain obligations in favor of the Foundation, while the Foundation agreed to certain obligations in favor of Tenet HealthSystem Medical.

On October 21, 1999, THSLN Medical and THSLN Properties entered into an Asset Sale Agreement[1] and Secured Promissory Note with Fairfield. Fairfield acquired the assets of the Hospital pursuant to this transaction.

On July 31, 2001, Tenet HealthSystem Medical sued the Foundation for breaching the July 15, 1996 stock purchase agreement and guaranty, as well as a related grant letter dated October 4, 1996. *See* doc. 1, case no. 10-1904. The Foundation counterclaimed and argued that Tenet HealthSystem Medical breached those same agreements.

On September 31, 2001, Tenet HealthSystem Medical answered the Foundation's counterclaim and denied any liability. However, in that answer, Tenet HealthSystem Medical asserted a third party complaint against Fairfield. The third party complaint states that to the extent Tenet HealthSystem Medical might be liable to the Foundation, Fairfield is liable for such

---

[1]The Asset Sale Agreement lists Tenet HealthSystem Lloyd Noland Medical and Tenet HealthSystem Lloyd Noland Properties as the "selling party."

damages pursuant to the obligations it assumed under the October 21, 1999 Asset Sale Agreement.

On December 7, 2001, Fairfield filed an Amended Answer and Amended Counterclaim to Tenet HealthSystem Medical's third party complaint.  Count One of this complaint is a claim for fraud.  Count Two is a claim that, pursuant to the Asset Sale Agreement, Fairfield did not assume liability for "Tenet's" breach of obligation owed to the Foundation.  Both counts in the Amended Counterclaim assert claims against "Tenet."  In the Amended Counterclaim, Fairfield initially defined "Tenet" as Tenet Healthcare Corporation, but later defined "Tenet" as THSLN Medical and THSLN Properties.  Nowhere in the Amended Counterclaim does Fairfield assert a claim against Tenet HealthSystem Medical - the party that filed the third party Complaint against Fairfield.

On January 9, 2002, this case was consolidated with lead case number 01-0437.  In that case, the Foundation sued Tenet for breaching the Stock Purchase and Guaranty Agreements.  That case also contains various third party complaints and counterclaims that are not relevant to this memorandum.

## STANDARD OF REVIEW

"The threshold of sufficiency that a complaint must meet to survive a motion to dismiss for failure to state a claim is...exceedingly low." *Ancata v. Prison Health Serv's., Inc.*, 769 F.2d 700, 703 (11th Cir. 1985) (internal quotations omitted).  In reviewing a motion to dismiss for failure to state a claim upon which relief can be granted, the court must construe all factual allegations as true and resolve them in the light most favorable to the plaintiff.  *Beck v. Deloitte & Touche*, 144 F.3d 732, 735 (11th Cir. 1998).  The court may grant the motion only if the court clearly and beyond doubt cannot award the plaintiff relief under any set of facts that could be

proved consistent with the allegations of the complaint. *See Id*. at 735. "In seeking dismissal for failure to state a viable claim, a defendant thus bears the very high burden of showing that the plaintiff cannot conceivably prove any set of facts that would entitle him to relief." *Id*. at 735-36.

## DISCUSSION

### I. Fairfield's Motion to Dismiss (doc. 21).

In its Motion to Dismiss, Fairfield contends that (1) Tenet HealthSystem Medical lacks standing; (2) the court lacks jurisdiction; and (3) Tenet HealthSystem Medical fails to state a claim. The court disagrees.

### A. Standing.

Fairfield asserts two arguments to show that Tenet HealthSystem Medical lacks standing to bring its third party Complaint. First, Fairfield contends that Tenet HealthSystem Medical was not a party to the Asset Sale Agreement between Fairfield and THSLN Medical and THSLN Properties; accordingly, Tenet HealthSystem Medical had no independent dealings with Fairfield and is not the proper party plaintiff. Second, Fairfield asserts that Tenet HealthSystem Medical lacks standing because Tenet HealthSystem Medical was not a third party beneficiary to the Asset Sale Agreement.

Tenet HealthSystem Medical does not argue that it was a signatore to the Asset Sale Agreement. However, in Alabama, a party may maintain a claim for breach of contract and indemnification even though it was not an original party to the contract. The Alabama Supreme Court has stated: "[o]ne for whose benefit a valid contract is made, although he is not a party to the contract and does not furnish the consideration therefor, may maintain an action on the contract against the promisor." *Huntsville Aviation Corp. v. Ford*, 577 So. 2d 1281, 1288 (Ala. 1991). Under the direct third party beneficiary theory, the plaintiff must establish three elements:

4

(1) the parties to the contract intended, at the time of formation, to benefit a third party; (2) the plaintiff was the intended third-party beneficiary; and (3) the defendant breached the contract. *Sheetz, Aiken & Aiken, Inc. v. Spann, Hall, Ritchie, Inc.*, 512 So. 2d 99, 101-02 (Ala. 1987).

Tenet HealthSystem Medical's third party Complaint states:

In 1999, THSLN [Properties] and THSLN [Medical] entered into an Asset Sale Agreement and Secured Promissory Note under which the assets of [the Hospital] were acquired by Fairfield....In the Asset Sale Agreement Fairfield as purchaser assumed certain obligations in favor of THSLN [Properties] and THSLN [Medical], the sellers. *These obligations included, but were not limited to, the obligations Tenet HealthSystem Medical had assumed in the Stock Purchase Agreement and Amendment Number Two to Stock Purchase Agreement in favor of the Foundation* regarding, specifically, the LNF beds, the leased space, and the Lloyd Noland Retiree Medical Discount Program.

These allegations sufficiently aver that (1) the parties to the Asset Sale Agreement intended to benefit Tenet HealthSystem Medical; (2) Tenet Health System Medical was the intended third party beneficiary; and (3) if Fairfield does not honor its allegedly assumed obligations it would breach the Asset Sale Agreement. *See Sheetz, Aiken & Aiken, Inc. v. Spann, Hall, Ritchie, Inc.*, 512 So.2d 99, 101-02 (Ala. 1987). Applying the standard of review appropriate for a motion to dismiss, Tenet HealthSystem Medical's third party Complaint alleges sufficient facts to support standing.

### B. Jurisdiction.

Jurisdiction in this case is based on diversity. *See* 28 U.S.C. § 1332. Fairfield, an Alabama nonprofit corporation, argues that the proper parties to bring this litigation against it are THSLN Medical and THSLN Properties, both Alabama corporations. Accordingly, Fairfield asserts that diversity of citizenship does not exist.[2]

The pleadings in this case show that Tenet HealthSystem Medical, a Delaware

---

[2]None of the parties dispute that the amount in controversy exceeds $75,000.00.

corporation with its principal place of business in California, brought this third party Complaint against Fairfield.  The court has determined that Tenet HealthSystem Medical possesses standing as a third party beneficiary to bring this claim.  Consequently, Fairfield's contention that THSLN Medical and THSLN Properties are the "proper" plaintiffs is not relevant.  Because complete diversity exists between Tenet HealthSystem Medical and Fairfield; and, between Tenet HealthSystem Medical and the Foundation, this court has jurisdiction over this case.[3]

### C.  Failure to state a claim.

In its Motion to Dismiss, Fairfield stated that Tenet HealthSystem Medical "fails to state a claim upon which relief can be granted."  The two paragraphs offered in support of Fairfield's Motion to Dismiss set forth arguments related to standing.  Even construing these paragraphs as arguing for failure to state a claim, the Motion does not sufficiently show that Tenet HealthSystem Medical's third party Complaint failed to state a claim against Fairfield.

Moreover, Fairfield's Reply in Support of its Motion to Dismiss argues that (1) no diversity jurisdiction exists over Tenet HealthSystem Medical's claims against Fairfield; (2) Tenet HealthSystem Medical is not a third party beneficiary to the Asset Sale Agreement; and (3) no ancillary jurisdiction exists over the third party complaint against Fairfield.  None of these arguments were tied directly to Fairfield's contention that Tenet HealthSystem Medical's third party Complaint failed to state a claim.  The court finds no reason to dismiss Tenet HealthSystem Medical's third party complaint against Fairfield for failure to state a claim.  Accordingly, Fairfield's Motion to Dismiss is **DENIED**.

---

[3]Because the court finds that diversity jurisdiction exists, it does not address Fairfield's argument as to ancillary jurisdiction.

**II. Tenet HealthSystem Medical's Motion to Dismiss (doc. 22).**

Tenet HealthSystem Medical notes that Fairfield's Amended *Answer* is directed at Tenet HealthSystem Medical because it states that it is filed and submitted in response to Tenet HealthSystem Medical's third party complaint.  The Amended Answer also defines Tenet HealthSystem Medical as "THSM."  However, Tenet HealthSystem Medical points out that the Amended *Counterclaim* appears to be brought against Tenet HealthCare Corporation, and perhaps also against THSLN Medical and THSLN Properties.  In Count One of the Amended Counterclaim, Fairfield defines "Tenet" as Tenet HealthCare Corporation.  In that same paragraph, Fairfield defines "Tenet" to include Tenet HealthCare Corporation, THSLN Medical, and THSLN Properties.  Each subsequent paragraph mentions "Tenet" and not "THSM."  Consequently, Tenet HealthSystem Medical argues that the Amended Counterclaim does not state a single claim against Tenet HealthSystem Medical.[4]

Fairfield's Amended Counterclaim sets forth counterclaims against Tenet, THSLN Medical, and THSLN Properties.  The party that brought the initial third party complaint against Fairfield was Tenet HealthSystem Medical.  Accordingly, any of Fairfield's *counterclaims* should be asserted against Tenet HealthSystem Medical.  The court concludes that Fairfield's Amended Counterclaim is due to be **DISMISSED** with leave to re-file and assert its claims against the proper parties.

Fairfield also contends that

---

[4]Fairfield filed a single brief to act as a Reply in support of its own Motion to Dismiss and a Response to Tenet HealthSystem Medical's Motion to Dismiss.  *See* Fairfield's Amended Answer & Amended Counter-claim, Doc. 23, case no. 01-1904, p. 1. Accordingly, Fairfield's legal arguments supporting its own Motion to Dismiss are the same as those opposing Tenet HealthSystem Medical's Motion to Dismiss.

If [Tenet HealthSystem Medical], as the sole shareholder of THSLN [Medical] and THSLN [Properties], can bring such action (which it cannot), Fairfield in response, would be entitled to bring a counterclaim against THSLN [Medical] and THSLN [Properties] because [Tenet HealthSystem Medical] is the sole shareholder in those subsidiaries.  Thus, if Tenet HealthSystem Medical's Third Party Complaint survives, so must Fairfield's counterclaim.

However, for purposes of this Motion to Dismiss, the court does not find this argument persuasive.  Tenet HealthSystem's third party Complaint alleged facts to establish its status as a third party beneficiary to the Asset Sale Agreement.  Accordingly, Tenet HealthSystem Medical has standing and this court has jurisdiction over that claim.  In contrast, Fairfield's Amended Counterclaim makes allegations against three entities that did not bring a third party complaint against Fairfield.  Consequently, those parties were incorrectly named for purposes of Fairfield's Amended Counterclaim.

## CONCLUSION

Fairfield's Motion to Dismiss (doc. 21, case no. 01-1904)) is **DENIED**.  Tenet HealthSystem Medical's Motion to Dismiss (doc. 22, case no. 01-1904) is **GRANTED**.  Fairfield's Amended Counterclaim, filed concurrently with its Amended Answer to Tenet HealthSystem Medical's third party Complaint (doc. 19, case no. 01-1904) is **DISMISSED without prejudice**.

DONE and ORDERED this 12th day of May, 2006.

_____
KARON OWEN BOWDRE
UNITED STATES DISTRICT JUDGE