FILED
2006 Sep-18 PM 05:12
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| THE LLOYD NOLAND ] <br> FOUNDATION, INC., ] <br> ] <br> Plaintiff, ] <br> ] <br> v. ] <br> ] <br> TENET HEALTHCARE CORP., ] <br> ] <br> Defendant. ] | LEAD CASE: CV-01-BE-0437-S <br> MEMBER CASE: CV-01-BE-1904-S |

**MEMORANDUM OPINION**

**I.  INTRODUCTION**

This case is before the court on Plaintiff's Renewed Motion for Partial Summary Judgment (Doc. 127).  As discussed below, Plaintiff has failed to carry its burden of demonstrating that no genuine issue of material fact exists and that it is entitled to judgment as a matter of law.  Plaintiff's motion is hereby **DENIED.**

**II.  STATEMENT OF FACTS**

The facts of this case have been articulated in detail in this court's prior memorandum opinions (Docs. 120 and 159) and in the numerous briefs and evidentiary submissions of the parties.  Therefore, only a brief summary of the facts relevant to Plaintiff's motion for partial summary judgment will be necessary.

In 1996, Plaintiff, the Lloyd Nolan Foundation ("Lloyd Nolan"), sold the Lloyd Nolan Hospital ("the Hospital") to Tenet HealthSystem Medical ("Tenet Medical").  As part of that transaction, which was achieved by means of a Stock Purchase Agreement, Tenet Medical

assumed certain obligations in favor of Lloyd Nolan.

At the same time, Defendant Tenet Healthcare Corporation ("Tenet Corp.")[1] and Lloyd Nolan entered into a Guaranty Agreement, as an express condition to the sale of the Hospital and as security for performance of the obligations assumed by Tenet Medical and Tenet Lloyd Nolan under the Stock Purchase Agreement.  Under the terms of that contract, Tenet Corp. agreed to unconditionally guarantee the performance of certain obligations and duties by Tenet Corp., Tenet Medical, and any affiliate of Tenet Corp.[2]

Three years after Lloyd Nolan sold the Hospital to Tenet Medical in 1996, Tenet Medical sold the Hospital assets to the City of Fairfield Healthcare Authority ("Fairfield").  Based largely on conduct of Fairfield after it purchased the Hospital from Tenet Medical, Lloyd Nolan has sued Tenet Corp. under the terms of the 1996 Guaranty Agreement.

## II.  STANDARD OF REVIEW

Summary judgment allows a trial court to decide cases where no genuine issues of material fact are present.  *See* Fed. R. Civ. P. 56.  A court must determine two things:  (1) whether any genuine issues of material fact exist; and if not, (2) whether the moving party is

---

[1] Tenet Corp. is the corporate parent of Tenet Medical, and is the defendant named in this cause of action. Tenet Medical is a party to this case's companion (Case No. 01-CV-BE-1904-S), but is not named in this particular action (Case No. 01-CV-BE-0437-S).

[2] Specifically, the Guaranty Agreement provides that "Guarantor [Tenet Corp.] hereby unconditionally guarantees the performance of the Obligations," which comprise three categories:

(1) "the obligations by Purchaser [Tenet Medical] pursuant to the Stock Purchase Agreement";

(2) "the continuing obligations of Purchaser, Guarantor [Tenet Corp.] and any Affiliate of Guarantor under Article XV of the Stock Purchase Agreement"; and

(3) "the obligations of THSLNM [a corporate entity created to facilitate the sale of the Hospital] pursuant to Article IX of the Lease [a separate lease agreement executed contemporaneously to the Stock Purchase Agreement] . . . ."

Guaranty Agreement at 1.

entitled to judgment as a matter of law.  *Id*.

The moving party "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the 'pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact."  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (quoting Fed. R. Civ. P. 56).  The movant can meet this burden by offering evidence showing no dispute of material fact, or by showing that the nonmoving party's evidence fails to meet some element of its case on which it bears the ultimate burden of proof.  *Celotex*, 477 U.S. at 322-23.  Once the movant meets this burden, Rule 56(e) "requires the nonmoving party to go beyond the pleadings and by [its] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'"  *Id*. at 324 (quoting Fed. R. Civ. P. 56(e)).  The responding party does not need to present evidence in a form admissible at trial; "however, he may not merely rest on [his] pleadings."  *Id*.

In reviewing the evidence submitted, "the evidence of the nonmovant is to be believed and all justifiable inferences are to be drawn in [its] favor."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).  "The nonmovant need not be given the benefit of every inference but only of every reasonable inference."  *Graham v. State Farm Mutual Ins. Co.*, 193 F. 3d 1274, 1282 (11th Cir. 1999).  After both parties have addressed the motion for summary judgment, the court must grant the motion if no genuine issues of material fact exist and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56.  However, the nonmovant can defeat summary judgment by showing either a genuine issue of material fact or that the movant is not

3

entitled to judgment as a matter of law.

### III.  DISCUSSION

For Lloyd Nolan to establish Tenet Corp.'s liability under the terms of the Guaranty Agreement, it must first demonstrate a violation of one of the three categories of obligations listed therein.  *See Ex parte Kaschak*, 681 So. 2d 197, 201 (Ala. 1996).  In its motion for partial summary judgment, Lloyd Nolan has alleged four breaches of the Stock Purchase Agreement.  Lloyd Nolan has failed, however, to demonstrate that any of these alleged breaches fall within the scope of the obligations outlined in the Guaranty Agreement.

### A.  Tenet Medical's Obligation to Obtain Written Consent

Lloyd Nolan argues that Tenet Medical breached its obligation to obtain prior written consent as required by Section 19.2, "Successors and Assigns," of the Stock Purchase Agreement, before Tenet Medical sold the Hospital to Fairfield in 1999.  Tenet Corp. argues that the plain language of Section 11.1, "Survival,"[3] dictates that the covenant requiring prior written consent expired on October 4, 1999, three years after the Closing Date of the Stock Purchase Agreement.  Tenet Corp. asserts that at the time the hospital sale transaction closed on November 15, 1999, Tenet Medical was no longer required to obtain Lloyd Nolan's written consent.

Lloyd Nolan failed to rebut Tenet Corp.'s argument that prior written consent was no

---

[3]  Section 11., "Survival," provides:

> Except as expressly set forth in this Agreement to the contrary, all representations, warranties, covenants, agreements and indemnifications of Purchaser and Seller, respectively, contained in this Agreement or in any document delivered pursuant hereto . . . shall continue to be fully effective and enforceable following the Closing Date for a period of three (3) years and shall <u>thereafter be of no further force and effect</u> . . . .

Stock Purchase Agreement ¶ 11.1 (emphasis added).

4

longer required after October 4, 1999. Summary judgment on this issue is **denied** because the Foundation has not demonstrated that it is entitled to judgment as a matter of law.

### B. Tenet Medical's Obligation to Bind Fairfield to the Terms of the Stock Purchase Agreement

Lloyd Nolan argues that Tenet Medical failed to ensure its obligations were binding on Fairfield, as required by Section 19.2 of the Stock Purchase Agreement.[4] Neither party disputes that Fairfield filed a lawsuit in 2000 to prevent Lloyd Nolan from exercising its option to purchase certain long term acute care hospital beds ("LNF Beds") from the Hospital, a right expressly granted to Lloyd Nolan in the Stock Purchase Agreement.

As evidence that it successfully bound Fairfield to its obligations under the Stock Purchase Agreement, Tenet Corp. points to a decision by the Alabama Supreme Court in the state court litigation involving Fairfield and Lloyd Nolan. There, the Court held that the Asset Stock Agreement that facilitated the sale of the Hospital to Fairfield "clearly and unambiguously provides that Fairfield assumed the obligations of Tenet [Medical]. . . . Fairfield was contractually bound to, among other things, 'cooperate with [Lloyd Nolan in its efforts to obtain the LNF Beds].'" *Lloyd Nolan Found., Inc. v. Fairfield Healthcare Auth.*, 837 So. 2d 253, 265-66 (Ala. 2002).

Lloyd Nolan does not put forth any facts to rebut Tenet Corp.'s evidence that Tenet Medical bound Fairfield to its responsibilities under the Stock Purchase Agreement. Tenet Corp. at the very least has established that a genuine issue of material fact exists as to whether Tenet

---

[4] Section 19.2, "Successors and Assigns," provides that "[a]ll of the terms and provisions of this Agreement shall be binding upon and shall inure to the benefit of and be enforceable by the respective successors and assigns of the parties hereto." Stock Purchase Agreement ¶ 19.2.

Medical defaulted on its obligation to bind successors and assigns to the terms and provisions of the Stock Purchase Agreement.  Accordingly the Foundation's motion for partial summary judgment on this point should also be **denied**.

### C. Fairfield's Obligations to Cooperate with Lloyd Nolan Regarding the LNF Beds and to Honor the Lloyd Nolan Retiree Medical Discount Program

Lloyd Nolan's motion describes the third and fourth alleged breaches of the obligations listed in the Guaranty Agreement solely in terms of the conduct of Fairfield.  Even assuming no genuine issue of material fact exists as to whether Fairfield cooperated with Lloyd Nolan's attempts to repurchase the LNF Beds or honored the Lloyd Nolan Retiree Medical Discount Program, Lloyd Nolan has failed to demonstrate why Tenet Corp. should be held liable for Fairfield's conduct.

By its express terms, the Guaranty Agreement only covers the conduct of Tenet Corp., Tenet Medical, or one of Tenet Corp.'s affiliates.  Lloyd Nolan has not established why, independent of the obligation to bind successors and assigns to the terms of the Stock Purchase Agreement (discussed above), Fairfield's conduct constitutes a default on the obligations listed in the Guaranty Agreement.  Lloyd Nolan therefore has not satisfied its burden of showing that it is entitled to judgment as a matter of law, and summary judgment on these two points should also be **denied**.

### V.  CONCLUSION

The court finds that Plaintiff has not carried its burden to demonstrate that it is entitled to summary judgment on each of the four points discussed above.  Plaintiff's Renewed Motion for Partial Summary Judgment is therefore **DENIED.**

A separate order will be entered contemporaneously with this memorandum opinion.

Dated this 18th day of September, 2006.

_____
KARON OWEN BOWDRE
UNITED STATES DISTRICT JUDGE